# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAKHMATULLA ASATOV,<br>    Petitioner,<br><br>    v.<br><br>OFFICE OF<br>    PERSONNEL MANAGEMENT,<br><br>DEPARTMENT OF THE ARMY,<br><br>    and<br><br>DEPARTMENT OF JUSTICE,<br>    Agencies. | DOCKET NUMBERS<br>CB-1205-15-0036-U-1<br>CB-1205-15-0037-U-1<br><br><br>DATE: March 9, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rakhmatulla Asatov, Plainville, Connecticut, pro se.

Julie Ferguson Queen, Washington, D.C., for the Office of
    Personnel Management.

Sarah J. Wild, Washington, D.C., for the Department of Justice.

Steven L. Parker, APO, AE, for the Department of the Army.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The petitioner asks the Board to review a regulation of the Office of Personnel Management (OPM), which he contends is invalid on its face and as applied to him by the Department of the Army and by the Department of Justice's Executive Office for U.S. Attorneys.  For the reasons discussed below, we DENY the petitioner's request.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2    The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, require any employee to violate 5 U.S.C. § 2302(b).  *See* 5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to violate section 2302(b).  5 U.S.C. § 1204(f)(2)(B).

¶3    The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation would require, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take.  5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 17 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992).  This information is

required for the individual to be able to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

¶4    The petitioner requests the Board to review an OPM regulation in title 5, part 300, subpart F "Time In Grade Restrictions." The regulation, 5 C.F.R. § 300.603(a), provides:

> (*Coverage*)   This subpart applies to advancement to a General Schedule position in the competitive service by any individual who within the previous 52 weeks held a General Schedule position under nontemporary appointment in the competitive or excepted service in the executive branch, unless excluded by paragraph (b) of this section.

An individual covered by this provision who is a candidate for advancement to a higher graded position is generally required under the time-in-grade regulations to have served for a minimum of 52 weeks in a position at the next lower grade or the next two lower grades. *See* 5 C.F.R. § 300.604. The petitioner's request for review stems from his exclusion under these regulations from consideration for positions which he sought in the Department of the Army and in the Department of Justice.[2]   Because the petitioner had occupied a General Schedule position within the year before each of his applications for a position and because his prior service was not long enough or at the required grade, he was found by both agencies to be ineligible for the appointments he sought.

¶5    The petitioner contends that the regulation's eligibility restriction based on time-in-grade violates his right to veterans' preference and therefore requires a violation of 5 U.S.C. § 2302(b)(11), which makes it a prohibited personnel practice to knowingly take, recommend or approve an action that would violate a veterans' preference requirement or to knowingly fail to do so if such failure would have that effect. While the petitioner has identified a specific prohibited

---

[2] The two claims are based on essentially the same argument and so have been consolidated for consideration.

personnel practice, his description of the reasons why the regulation requires or has required a violation of section 2302(b)(11) is not persuasive.

¶6    The petitioner argues that the regulation's coverage only should apply only to current employees and that its inclusion of recent former employees like himself requires a violation of veterans' preference requirements.  However, he has not identified any authority for the proposition that the regulation should apply only to current employees or any law that excludes from the regulation's coverage former employees with veterans' preference.  The statutes that the petitioner cites, 5 U.S.C. §§ 3313 and 3317, do not address time-in-grade restrictions, and he has offered no rationale for excluding the application of this neutral eligibility restriction to preference-eligible individuals.  As OPM pointed out in its response to the petitioner's request, the U.S. Court of Appeals for the Federal Circuit has upheld the time-in-grade restrictions as per se valid and subject only to application challenges in its decision in *Dowd v. United States*, 713 F.2d 720, 724 (Fed. Cir. 1983).  The court upheld the regulation on the basis of its stated purpose of avoiding the management problems that would result from excessively rapid promotions within the work force.  *Id.* at 721.  *See* 5 C.F.R. § 300.601 ("The restrictions in this subpart are intended to prevent excessively rapid promotions in competitive service General Schedule positions and to protect competitive principles.").  While violation of veterans' preference rights was not at issue in *Dowd*, the Board previously has rejected the petitioner's facial challenge to section 300.603(a) on this basis in *Asatov v. Department of Justice*, MSPB Docket No. PH-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-I-1, Final Order (Aug. 9, 2013).

¶7    The petitioner also raises a challenge to the Department of the Army's application to his case of the section 300.603(a) time-in-grade restriction.  This challenge relies on the regulatory exclusion from time-in-grade restrictions that is stated in section 300.603(b)(2):

> Noncompetitive appointment based on a special authority in law or Executive order (but not including transfer and reinstatement) made

5

in accordance with all requirements applicable to new appointments under that authority.

The petitioner asserts that 5 C.F.R. part 307, Veterans Recruitment Appointments (VRA), constitutes such an authority that excluded the application of time-in-grade restrictions to his case. The petitioner's reliance on the VRA is misplaced. The appointment sought by the petitioner was not one being made by the agency pursuant to the VRA, but one made under merit promotion procedures which, as a veteran, he had a right to be considered for because the agency was accepting applications from individuals outside its own workforce.[3] *See* 5 U.S.C. § 3304(f)(1).

¶8   Thus, we find that the petitioner has failed to show that the OPM regulation at 5 C.F.R. § 300.603(a) on its face requires commission of a prohibited personnel practice or that, as applied, the regulation has resulted in such a violation. Accordingly, the petitioner's request for regulation review is denied. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] In fact, the petitioner acknowledged this in his mistaken argument that his right to be considered under section 3304(f)(1) was denied because he was found ineligible. The application of time-in-grade restrictions that are applicable to all candidates does not deny a veteran consideration or veterans' preference where it is applicable. *See Ramsey v. Office of Personnel Management*, 87 M.S.P.R. 98, ¶ 9 (2000).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.